UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/25/19

-------------------------------------------------------X

JANE DOE,

                          *Plaintiff,*

               *-against-*

ANONYMOUS INC. and JOHN DOE,

                       *Defendants.*

-------------------------------------------------------X

18 Civ. 10924 (PAC)

**<u>OPINION & ORDER</u>**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Jane Doe alleges sexual harassment, discrimination, and retaliation under the New York City Human Rights Law ("NYCHRL") by her former employer Defendant Anonymous Inc. and its founder and CEO, Defendant John Doe. Jane Doe claims that she was demoted and stopped receiving a salary from Defendants when she ended a romantic relationship with John Doe. Defendants move to dismiss on the basis that Plaintiff's claims are untimely because they were not brought within NYCHRL's three-year statute of limitations. For the following reasons, the Court grants Defendants' motion to dismiss.

## <u>BACKGROUND</u>

Plaintiff was hired by Anonymous Inc. as a Director of Marketing and Investor Relations in September 2013, and worked out of Anonymous Inc.'s New York City office. (Dkt. 16 ("Complaint" or "Compl.") ¶¶ 21, 29, 36.) John Doe offered Plaintiff a salary of $100,000 per year in July 2013 when he offered her the Director position. (*Id.* ¶ 31.)

Also in July 2013, John Doe suggested that he and Plaintiff could have an affair; Plaintiff declined. (*Id.* ¶ 32.) Throughout the course of her employment with Anonymous Inc., Plaintiff was subjected to unwanted sexual and verbal advances by John Doe. (*Id.* ¶ 22.)

Approximately seven months into her employment with Anonymous Inc. (*i.e.*, March 2014), Plaintiff entered into a romantic relationship with John Doe. (*Id.* ¶ 67.) In or around August 2014, Plaintiff ended the relationship. (*Id.* ¶ 91.) John Doe then told Plaintiff that he could no longer justify paying her a salary. (*Id.* ¶¶ 92-94.) John Doe offered Plaintiff a capital markets position, which paid only in commissions and which was a demotion. (*Id.* ¶ 96.) Plaintiff was not paid by Defendants after November 2014. (*Id.* ¶¶ 104, 132, 134.) Still, Plaintiff continued to have access to her Anonymous Inc. email address and other business records, used Anonymous Inc.'s Manhattan office, and associated herself with Anonymous Inc. (*Id.* ¶¶ 103, 105-06.) John Doe told Plaintiff that she might be a salaried employee of Anonymous Inc. again when the time was right. (*Id.* ¶ 138.)

Around February 2015, Plaintiff signed a contract to work as an independent contractor consultant for Lateral Investment Management ("Lateral"), a California-based fund, but she continued to use her Anonymous Inc. email and office addresses while employed at Lateral. (*Id.* ¶ 110, 116.) Plaintiff asked John Doe for reimbursements from Lateral, (*id.* ¶ 126, 127, 131), and continued to represent Anonymous Inc. at events during the course of her work with Lateral, (*id.* ¶ 132). Plaintiff stopped working for Lateral in May or June 2015. (*Id.* ¶ 116.)

In July 2015, Plaintiff attended a conference in Rhode Island, and her travel expenses were reimbursed by the capital markets group of Anonymous Inc. (*Id.* ¶ 133.)

On or about October 21, 2015, Plaintiff decided to constructively discharge herself from Anonymous Inc., as it became clear that a promotion and/or a salaried opportunity at Anonymous Inc. would not be forthcoming. (*Id.* ¶ 145.)

Three years later, on October 17, 2018, Plaintiff filed a Summons with Notice in New York state court against Defendants. (*Id.* ¶ 16.) On November 21, 2018, Defendants removed

the case to federal court based on diversity jurisdiction. (*Id.* ¶ 18.) Plaintiff filed her Complaint

in federal court on January 21, 2019. (*See* Dkt. 16.) Plaintiff brings five counts against

Defendants for: (1) gender discrimination; (2) quid pro quo sexual harassment; (3) hostile work

environment; (4) retaliation; and (5) constructive discharge. (*Id.* ¶¶ 2, 156-230.) Defendants

moved to dismiss on March 18, 2019. (*See* Dkt. 17).

## DISCUSSION

### I.     Legal Standard

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P.

12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint"

and construe the complaint in the light most favorable to the plaintiff. *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 572 (2007) (internal quotation marks omitted). The Court only

"assess[es] the legal feasibility of the complaint"; it does not "assay the weight of the evidence

which might be offered in support thereof." *Lopez v. Jet Blue Airways*, 662 F.3d 593, 596 (2d

Cir. 2011) (internal quotation marks omitted). To state a facially plausible claim, a plaintiff must

plead "factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.'" *Id.* (citation omitted).

### II.    Analysis

#### A.    Plaintiff Was Not an Employee After November 2014

NYC Admin. Code § 8-502(d) requires a plaintiff to commence an action within three

years "after the alleged unlawful discriminatory practice . . . occurred." Courts use a two-step

analysis to establish that date: (1) identify the precise nature of the unlawful employment

3

practice alleged by the plaintiff, and (2) identify when the plaintiff had notice of that unlawful employment practice. *See Del. State Coll. v. Ricks*, 449 U.S. 250, 257-59 (1980) (analyzing the timeliness of plaintiff's lawsuit by first "identify[ing] precisely the 'unlawful employment practice' of which he complains" and then second identifying when the plaintiff was "notified"); *Jordan v. Bates USA*, 4 F. App'x 73, 76 (2d Cir. 2001) ("[I]t is well settled that the proper focus in an employment discrimination case is on the time of the discriminatory act, not the point at which the consequences of the act become painful, and therefore that the timeliness of a discrimination claim is measured from the date the claimant receives notice of the allegedly discriminatory decision, not from the date the decision takes effect."); *Mingguo Cho v. City of New York*, No. 11 Civ. 1658 (PAC) (MHD), 2012 WL 4364492, at *7 (S.D.N.Y. Sept. 25, 2012) ("The statute of limitations for an employment discrimination claim 'is to be measured from the date the claimant had notice of the alleged discriminatory action.'") (quoting *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 713 (2d Cir. 1996)). Courts have described this as the "knew or should have known" accrual date. *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999).

In *Wang v. Phoenix Satellite Television US, Inc.*, 976 F. Supp. 2d 527 (S.D.N.Y. 2013), the court found that the Second Circuit's test for determining if a plaintiff is an employee under Title VII also applies to hostile work environment claims under NYCHRL. This test involves first determining whether a plaintiff has furnished "proof that her putative employer remunerated her for services she performed." *Id.* at 535 (quoting *United States v. City of New York*, 359 F.3d 83, 91-92 (2d Cir. 2004). If the plaintiff has furnished such proof, the court then looks "to the thirteen factors articulated by the Supreme Court in [*Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 751 (1989)] to determine whether an employment relationship exists." *Id.* In

4

*Wang*, it was uncontested that an intern received no remuneration for her services; the court found that the intern was not an employee and that her NYCHRL hostile work environment thus failed. *See id.* at 536.

The limitations period here runs for 3 years from October 2018, back to October 2015. Plaintiff concedes that she was not compensated by Defendants after November 2014. She was not an employee of Anonymous Inc. within the limitations period, and her claims are not saved by asserting that she was serving in a commission-based position in October 2015, since she received no commissions or other remuneration for her services after November 2014.[1] Plaintiff's use of Anonymous Inc.'s email server and office space did not confer a financial benefit, and do not qualify as remuneration. *See Gulino v. N.Y. State Educ. Dep't*, 460 F.3d 361, 372 (2d Cir. 2006) ("Where no financial benefit is obtained by the purported employee from the employer, no plausible employment relationship of any sort can be said to exist."). Moreover, paying for Plaintiff to attend a conference in Rhode Island is not a financial benefit such as health insurance, vacation, or sick pay that signifies an employment relationship.[2] *See Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 443 (S.D.N.Y. 2018) (use of Fox's headquarters and Fox's paying for the cost of hair and make-up on a television program did not constitute remuneration); *York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 126 (2d Cir. 2002) ("Clerical support, limited tax deductions, and 'networking opportunities' are not the

---

[1] Even if Plaintiff did establish that she received renumeration after November 2014, she would still be unable to show that Anonymous Inc. had power of selection and engagement, dismissal, or control after November 2014. *Alvarracin v. Volume Servs., Inc.*, 17-cv-3873 (PKC), 2018 WL 2452766, at *2 (S.D.N.Y. May 30, 2018) ("New York courts have concluded that four factors guide the determination of whether a defendant qualifies as an employer: the selection and engagement of the employee; the payment of salary or wages; the power of dismissal; and the power of control over the employee's conduct.").

[2] The July 2015 conference Plaintiff references was outside of the three-year limitations period anyway.

sort of substantial benefits" that constitute remuneration to be a protected employee under Title VII). "[B]enefits must meet a minimum level of significance or substantiality, in order to find an employment relationship in the absence of more traditional compensation." *Hughes*, 304 F. Supp. 3d at 443 (quoting *York*, 286 F.3d at 125-26).

Nor can Plaintiff save her claims by stating that she was promised that she might be restored to a Director-level position. Her allegations contain general and equivocal statements that are not promises of compensation, such as: "Moreover, John Doe promised that once everything was sorted out from the potential merger that perhaps there would be an opportunity for Jane Doe to be a salaried employee of Anonymous Inc. again 'when the time' was right." (Compl. ¶ 138.) Even if this statement could be considered a promise, such promise would be prospective and not tied to past work conducted, and would thus not be relevant to her claims about past treatment. *See Hughes*, 304 F. Supp. 3d at 444.

Plaintiff was not an employee of Anonymous Inc. within the limitations period—October 2015 to October 2018. Moreover, she had notice of her claims in 2014 when her salary was terminated and she alleged she was demoted because she ended her relationship with John Doe. Accordingly, Plaintiff's claims for gender discrimination, quid pro quo sexual harassment, hostile work environment, retaliation, and constructive discharge must fail. *See Wang*, 976 F. Supp. 2d at 536 (dismissing hostile work environment claim because unpaid intern was not employee under NYCHRL).[3]

---

[3] This includes Plaintiff's failure to promote claim, which was based on the initial decision to stop paying Plaintiff a salary and thus occurred outside the limitations period. *See Mohamed v. NYU*, No. 14 Civ. 8373 (GBD) (MHD), 2015 WL 5307391, at *3 (S.D.N.Y. Sept. 10, 2015) ("NYSHRL failure to promote claim is untimely filed, as it was based on a decision made on" a date outside the limitations period).

### B. Constructive Discharge

Plaintiff claims that the date of her constructive discharge—October 21, 2015—should start the clock for the three-year statute of limitations under NYCHRL. To assert constructive discharge, however, Plaintiff must show that she actually resigned from a position on October 21, 2015. *See Green v. Brennan*, 136 S. Ct. 1769, 1777 (2016) (employee "must also show that he actually resigned"). For the reasons already stated, however, Plaintiff was not an employee of Anonymous Inc. on October 21, 2015, and therefore could not have constructively discharged herself on that date.

### C. Continuing Violation Doctrine

Under the continuing violation doctrine, "if a plaintiff has experienced a continuous practice and policy of discrimination, the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it." *Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001) (internal citations omitted). "To bring a claim within the continuing violation exception, a plaintiff must at the very least allege that one act of discrimination in furtherance of the ongoing policy occurred within the limitations period." *Patterson v. County of Oneida*, 375 F.3d 206, 220 (2d Cir. 2004). The U.S. Supreme Court held in *Nat'l R.R. Passenger Corp. v. Morgan*, that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." 536 U.S. 101, 113 (2002). The standard outlined in *Morgan* applies to continuing violation claims under NYCHRL. *See Bermudez v. City of New York*, 783 F. Supp. 2d 560, 574 (S.D.N.Y. 2011). Courts in the Second Circuit heavily disfavor the continuing violation doctrine. *See Collins v. City of New York*, 156 F. Supp. 3d 448, 458 (S.D.N.Y. 2016) ("As a general matter, the continuing violation doctrine is heavily disfavored in the Second Circuit.")

Plaintiff's NYCHRL claims are not the type that can survive the statute of limitations based on the continuing violation doctrine. She does not sufficiently allege discrimination within the limitations period—her claims occurred during, or at the time she ended, her relationship with John Doe or at the latest, when she stopped getting paid in November 2014. Stating in a conclusory fashion that Defendants failed to pay or promote her through October 2015 and that the continuing violation thus applies does not save her untimely claims. *See Goodman v. New York City Off-Track Betting Corp.*, No. 97 CIV. 4708 (DAB), 1999 WL 269959, at *5 (S.D.N.Y. May 4, 1999), *aff'd* 201 F.3d 431 (2d Cir. 1999) ("A conclusory allegation of a continuing violation is insufficient to withstand a motion to dismiss."); *Bampoe v. Coach Stores, Inc.*, 93 F. Supp. 2d 360, 369 (S.D.N.Y. 2000) ( "a conclusory allegation of a continuing violation will not suffice"); *Leizerovici v. HASC Ctr., Inc.*, No. 17-CV-3605 (BMC), 2018 WL 1114703, at *5 (E.D.N.Y. Feb. 27, 2018) ("Here, plaintiff merely makes a conclusory assertion that the continuing violation doctrine applies to his discrimination claims. That is insufficient.").

Plaintiff's claims of "failure to pay" and "failure to promote" through October 2015 are also discrete employment acts that do not fall within the continuing violation doctrine. *See Morgan*, 536 U.S. at 114 (identifying "termination, failure to promote, denial of transfer, [and] refusal to hire" as discrete employment acts); *Benjamin v. Brookhaven Sci. Assocs., LLC*, 387 F. Supp. 2d 146, 153 (E.D.N.Y. 2005) ("It is well-settled that alleged adverse employment practices such as failure to promote, failure to compensate adequately, undesirable work transfers, and denial of preferred job assignments are considered discrete acts."); *Campbell v. Cellco P'ship*, 860 F. Supp. 2d 284, 299 (S.D.N.Y. 2012) ("Failure to promote is a 'discrete act' as defined by the Supreme Court in *Morgan* and, therefore, is not governed by the continuing violation exception."). Moreover, these claims are different in nature from Plaintiff's claims of

discrimination, retaliation, and hostile work environment from during or at the conclusion of her

relationship with John Doe, and do not anchor her untimely claims within the statute of

limitations. *See Castillo v. Time Warner Cable of New York City*, No. 09 Civ. 7644 (PAC), 2011

WL 3475419, at \*2 (S.D.N.Y. Aug. 9, 2011) ("In the case of a hostile work environment claim,

the statute of limitations requires that only one harassing act demonstrating the challenged work

environment occur within the period of limitations."); *Bright v. Coca Cola Refreshements USA,

Inc.*, No. 12 Civ. 234 (BMC), 2014 WL 5587349, at \*6 (E.D.N.Y. Nov. 3, 2014), *aff'd* 639 F.

App'x 6 (2d Cir. 2015) (finding that plaintiff's claim was "barred even under the more liberal

[NYCHRL] continuing violation doctrine" because she did not have a discrete employment

claim "that could anchor her untimely claims within the statute of limitations").

Plaintiff's conclusory and unsupported claims from after she stopped getting paid

cannot save the untimely claims she alleges from her actual employment with Anonymous Inc.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss the Complaint is

GRANTED. The Clerk of Court is directed to close the entries at Dkts. 17 and 24.

Dated: New York, New York         SO ORDERED
       June 25, 2019

_Paul A. Crotty_
PAUL A. CROTTY
United States District Judge

9