**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand twenty.

PRESENT:

>   JOHN M. WALKER, JR.,
>   BARRINGTON D. PARKER,
>   SUSAN L. CARNEY,
>   *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Mar 13 2020

_____

JANE DOE,

>   *Plaintiff-Appellant*,

>   v.                                                                    No. 19-2177

ANONYMOUS INC. AND JOHN DOE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,

>   *Defendants-Appellees.**

_____

FOR PLAINTIFF-APPELLANT:            Mark David Shirian, Esq., Mark David Shirian P.C., New York, NY.

_____

\* The Clerk of Court is directed to amend the caption as set forth above.

| | |
|---|---|
| FOR DEFENDANTS-APPELLEES: | Anjanette Cabrera, Stephen Stecker, Constangy, Brooks, Smith and Prophete, LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Crotty, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on June 27, 2019, is **AFFIRMED**.

Plaintiff-Appellant Jane Doe ("Doe") appeals from the judgment of the District Court (Crotty, *J.*) dismissing her complaint as time-barred. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

On October 17, 2018, Doe sued Defendants-Appellees John Doe ("John") and Anonymous Inc. (together, "Defendants") under the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8–107, for gender discrimination, *quid pro quo* sexual harassment, hostile work environment, retaliation, and constructive discharge.[1] The NYCHRL requires a plaintiff to file suit within three years "after the alleged unlawful discriminatory practice or act of discriminatory harassment or violence . . . occurred." N.Y.C. Admin. Code § 8-502(d).

Doe's complaint fails to identify any discriminatory or harassing conduct that post-dates October 17, 2015, the start of the NYCHRL's limitations period for her claims in light of her October 17, 2018 filing date. Indeed, she does not identify any conduct—unlawful or otherwise—taken by John or Anonymous Inc. during the three years that precede her filing. Instead, all of Doe's allegations concern conduct that occurred before October 17, 2015. The complaint alleges, for example, that John verbally and physically harassed Doe before demoting her in November 2014 from her salaried position at Anonymous Inc. Doe does

---

[1] Doe first filed suit in New York County Supreme Court. Defendants successfully removed the case to federal court based on diversity jurisdiction.

2

not, however, identify any incidents of harassment that occurred after her 2014 demotion. Doe also alleges that, following her demotion, John promised her "that perhaps there would be an opportunity for [her] to be a salaried employee of Anonymous Inc. again 'when the time' was right." App'x 23. Without more, however, those vague statements do not rise to the level of "unwanted gender-based conduct" that is actionable under the NYCHRL and, even if they did, the complaint does not allege that John made such promises after October 17, 2015. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) (internal quotation marks omitted). Finally, although Doe claims that she "decided to constructively discharge herself" from Anonymous Inc. on October 21, 2015, App'x 23, she does not connect her decision to any discriminatory conduct that occurred within the limitations period.

Nor can Doe avoid the NYCHRL's time-bar by invoking the continuing violation doctrine. For that doctrine to apply, a plaintiff must allege some act of discrimination or harassment that occurred during the applicable limitations period. *See Williams v. New York City Hous. Auth.*, 61 A.D.3d 62, 81, 872 N.Y.S.2d 27 (N.Y. App. Div. 1st Dep't 2009) (holding that the continuing violation doctrine did not apply to plaintiff's NYCHRL claim because plaintiff failed to allege any "actionable conduct during the limitations period"). Because Doe failed to do so here, the District Court correctly dismissed her NYCHRL claims as untimely.

\* \* \*

We have considered Doe's remaining arguments and conclude that they are without merit. The District Court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3